IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROBERT LITTLEFIELD, INDIVIDUALLY**                                **PLAINTIFFS**
**AND AS PARENT OF WILLIAM LITTLEFIELD,**
**ON BEHALF OF SELF AND ALL OTHERS**
**SIMILARLY SITUATED**

**v.**                                      **4:08-CV-00201-WRW**

**KENNETH KIRSPEL, IN HIS OFFICIAL**                                **DEFENDANTS**
**CAPACITY AS THE SUPERINTENDENT**
**OF THE NORTH LITTLE ROCK**
**SCHOOL DISTRICT,** *et al.*

## ORDER

Pending is Defendant James's Motion to Dismiss (Doc. No. 5). Plaintiffs have responded (Doc. No. 7). For the reasons set out below, Defendant's Motion is DENIED.

## I. BACKGROUND

Plaintiff Littlefield filed this class action on March 12, 2008, on behalf of their disabled minor child and others similarly situated.[1] Plaintiffs allege that the North Little Rock ("NLR") School District and Arkansas Department of Education ("ADE") discriminate against disabled students in violation of Title II of the Americans with Disabilities Act of 1990[2] ("ADA") and the Rehabilitation Act of 1973[3] ("RA"). Plaintiffs maintain that existing structures, policies, and procedures, as well as new construction and alterations, are not in compliance with the ADA, and that those facilities and "activities are funded by the ADE, using federal money."[4]

---

[1] Doc. No. 1.

[2] 42 U.S.C. § 12101, *et seq.*

[3] 29 U.S.C. § 794.

[4] Doc. No. 1.

1

Defendant James filed a Motion to Dismiss, asserting that the ADE is entitled to sovereign immunity, that there is no cause of action for failure to complete a self-evaluation, and that Plaintiffs lack standing because they cannot establish that they are "qualified individuals" under the ADA or RA.[5]

Plaintiffs responded, pointing out that they filed this case under the doctrine of *Ex Parte Young*[6] -- Eleventh Amendment immunity is unavailable to state officials when injunctive relief is sought for prospective violations of federal law.[7] Plaintiffs assert that, because only injunctive relief is sought, Defendant James's Motion to Dismiss should be denied. I agree.

## II. DISCUSSION

A court may dismiss a claim under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[8] In considering a motion under Rule 12(b)(6), the Court assumes the facts in the complaint are true.[9]

   A. Standing

It appears that Plaintiff Littlefield has standing to bring this case. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[10] The ADA broadly defines "qualified individual with a disability" as

---

[5]Doc. No. 5.

[6] *Ex Parte Young*, 209 U.S. 123, 155-56 (1908).

[7]Doc. No. 7.

[8]*Reis v. Walker*, 491 F.3d 868, 870 (8th Cir. 2007) (citation omitted).

[9]*Koehler v. Rody*, 483 F.3d 590, 596 (8th Cir. 2007).

[10]42 U.S.C. § 12132.

an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.[11]

The RA adds an additional requirement -- that the program or activity from which Plaintiff claims he was excluded receives federal funding.[12]

Plaintiff Littlefield has a disability -- he is confined to a wheelchair. He apparently attends school in North Little Rock.[13] Thus, he is entitled to receive the services provided by NLR, a public entity that receives federal funding. Accordingly, Plaintiff Littlefield has standing to bring this case.

I note, however, that the class specified in Plaintiffs' Complaint -- "all Arkansas students and their parents who are being denied full and equal access"[14] -- seems too broad, as only the North Little Rock School District appears to be at issue here.

---

[11] 42 U.S.C. § 12131(2).

[12] 29 U.S.C. § 794, *Barnes v. Gorman*, 536 U.S. 181, 184-84 (2002).

[13] Doc. No. 1.

[14] *Id.*

B. <u>Eleventh Amendment Immunity</u>

Defendant James cites *Alsbrook v. City of Maumelle*[15] and *Klingler v. Director, Missouri Dep't. of Revenue*[16] to support his argument that the ADE has Eleventh Amendment immunity.[17] In *Klingler*, in which the Eighth Circuit found the Missouri Department of Revenue was immune under the Eleventh Amendment, the plaintiff sought money damages; Plaintiff Littlefield seeks injunctive relief. With respect to *Alsbrook*, decisions after that case make it clear that private individuals may sue state officials under the ADA and RA for injunctive relief.[18]

In *Grey v. Wilburn*,[19] Grey, who suffered from bipolar affective disorder, sued the Office of the Missouri Secretary of State, and two of its employees, under the ADA, the RA, and 42 U.S.C. § 1983 for alleged violations of the Equal Protection Clause of the Fourteenth Amendment.[20] The district court dismissed Grey's ADA and RA claims on the ground that Missouri had Eleventh Amendment immunity.[21] The Eighth Circuit Court of Appeals disagreed: "Since *Alsbrook* and *Bradley*, this Court has clarified that under *Ex Parte Young*[22] and its progeny, private individuals can in fact sue state officials under the ADA for prospective,

---

[15] 184 F.3d 999 (8th Cir. 1999).

[16] 455 F.3d 888 (8th Cir. 2006)

[17] Doc. No. 6.

[18] See *Grey v. Willburn*, 270 F.3d 607, 609 (8th Cir. 2001).

[19] 270 F.3d 607, 608.

[20] *Id*.

[21] *Id*. at 609.

[22] 209 U.S. 123 (1908).

4

injunctive relief only."[23] In connection with Grey's RA claim, the court wrote that "section 504 of the Rehabilitation Act is in fact a valid exercise of Congress' spending power, and states waive their immunity with respect to section 504 suits by accepting federal funds."[24]

The Eighth Circuit Court of Appeals affirmed the district court's dismissal of Grey's § 1983 claim, noting that "'the comprehensive enforcement mechanisms provided under section 504 [of the Rehabilitation Act] and the ADA suggest Congress did not intend violations of those statutes to be also cognizable under § 1983.'"[25]

C. Right to Action

Lastly, Defendant James argues that the case should be dismissed because there is no right to action for failure to complete a self evaluation. Failure to complete a self evaluation is not one of Plaintiff's causes of action. Thus, this case cannot be dismissed on that ground either.

**III. CONCLUSION**

Because Eleventh Amendment immunity is not applicable, and because Plaintiff Littlefield has standing to bring this case, Defendant James's Motion to Dismiss (Doc. No. 5) is DENIED.

IT IS SO ORDERED this 20th day of May, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[23] *Grey v. Willburn*, 270 F.3d 607, 609 (8th Cir. 2001).

[24] *Id.* at 610 (citing *Jim C. v. United States*, 235 F.3d 1079, 1081 (8th Cir. 2000)).

[25] *Wilburn,* 270 F.3d at 609 (quoting *Davis v. Francis Howell School District*, 104 F.3d 204, 206 (8th Cir.1997).