IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROBERT LITTLEFIELD, individually**  **PLAINTIFFS**
**and as parent of William Littlefield,**
**on behalf of self and all others similarly situated,** *et al.*

v.                          4:08-CV-00201-WRW

**KENNETH KIRSPEL, in his official**  **DEFENDANTS**
**capacity as the superintendent of the**
**North Little Rock School District,** *et al.*

### ORDER

Pending is Plaintiffs' Motion for Preliminary Injunction (Doc. No. 11). Defendants have responded (Doc. No. 19). For the reasons set out below, Plaintiffs' Motion is DENIED.

### I. BACKGROUND

Robert and Deloris Littlefield filed this Complaint on March 12, 2008, on behalf of their disabled minor child, William Littlefield ("Littlefield"), and others similarly situated.[1] Plaintiffs allege that the North Little Rock School District ("NLRSD") and Arkansas Department of Education discriminate against disabled students in violation of Title II of the Americans with Disabilities Act of 1990[2] ("ADA") and the Rehabilitation Act of 1973[3] ("RA") (together, the "Acts"). Plaintiffs maintain that existing structures, policies, and procedures, as well as new construction and alterations, are not in compliance with the ADA, and that those facilities and activities are funded by the Arkansas Department of Education, using federal money.[4]

---

[1] Doc. No. 1.

[2] 42 U.S.C. § 12101, *et seq.*

[3] 29 U.S.C. § 794.

[4] Doc. No. 1.

Plaintiffs petition this Court for a preliminary injunction directing the NLRSD to complete its self-evaluation process, to create and fund a transition plan as required by 28 C.F.R. §§ 35.105, 35.150, and 35.151, and to award reasonable attorney's fees.[5] Plaintiffs claim that Littlefield was excluded or denied access to NLRSD facilities, in particular: 1) a canopied walkway that leads to classrooms; 2) bathrooms other than two wheelchair accessible bathrooms; 3) doors leading to class; and 4) an entrance ramp leading to a football game.[6] Plaintiffs also assert that Defendants have not performed a self-evaluation with respect to curb cuts, and do not have the proper curb cuts.[7] In response, Defendants argue that Plaintiffs stated no facts that suggest the Court should issue a preliminary injunction.[8]

## II. DISCUSSION

Eighth Circuit courts use a four-factor test in determining whether to issue a preliminary injunction: "1) the threat of irreparable harm to the movant; 2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; 3) the probability that movant will succeed on the merits; and 4) the public interest."[9] A court must balance each factor in considering whether, in the totality, the factors weigh toward granting the injunction.[10] While each factor must be weighed, a movant's failure to show irreparable harm is

---

[5]Doc. No. 11.

[6]*Id*.

[7]Doc. No. 12.

[8]Doc. No. 19.

[9]*Dataphase Systems, Inc. v. C L Systems, Inc*., 640 F.2d 109, 114 (8th Cir. 1981).

[10]*Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006).

reason for denying a motion for a preliminary injunction.[11] The movant bears the burden of showing that a preliminary injunction is appropriate.[12]

### A. The Threat Of Irreparable Harm

Irreparable injury must be based on a current threat -- not a past threat.[13] Littlefield apparently graduated in May, 2008, and is no longer a student in the NLRSD.[14] Because Littlefield is no longer a student in the NLRSD, it seems there is no threat of irreparable harm.

With respect to Plaintiffs' proposed class, the record does not support a conclusion that class members would be irreparably harmed if an injunction did not issue, because, as discussed below, the record does not support a conclusion that proposed class members are being denied the use of NLRSD facilities or programs as a whole.

### B. Likelihood of Success on the Merits

Both the ADA and the RA are similar in substance and "cases interpreting either are applicable and interchangeable."[15] Title II of the ADA prohibits qualified individuals with disabilities from being "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity, or . . . subjected to discrimination by any such entity."[16]

---

[11] See *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989).

[12] *Id*. at 737.

[13] *United Healthcare Ins. Co. v. Advance PCS*, 316 F.3d 737, 741 (8th Cir. 2002).

[14] Doc. No. 19.

[15] *Allison v. Dep't of Corrections*, 94 F.3d 494, 497 (8th Cir. 1996).

[16] 42 U.S.C. § 12132.

The language of the RA is very similar, but requires the public entity to receive federal funding.[17]  To establish a violation under the Acts, the plaintiff must show that: "1) he is a qualified individual with a disability; 2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and 3) that such exclusion, denial of benefits, or other discrimination, was by reason of his disability."[18]

The parties do not dispute that William Littlefield is a qualified individual with a disability as defined by the Acts, or that the NLRSD is a public entity that receives federal funds.[19]  The issues are: 1) whether Plaintiff was excluded or denied access to the benefits, services, programs, or activities provided by the NLRSD; and, if so, 2) was the exclusion or denial of benefits the result of Littlefield's disability.[20]

Under ADA regulations, a public entity is required to operate each service, program, or activity so that when "viewed in its entirety" it is "readily accessible to and useable by" individuals with disabilities.[21] When determining whether existing facilities comply with the Acts, courts must look at the accessibility of the program as a whole and not individual elements.[22]

---

[17]29 U.S.C. § 794(a).

[18]See *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998).

[19]Doc. Nos. 12, 19.

[20]See *Layton*, 143 F.3d at 472.

[21]28 C.F.R. § 35.150.

[22]*Chaffin*, 348 F.3d at 860.

The Acts require public entities to operate facilities readily accessible to and usable by individuals with disabilities; however, the Acts do not require *each* existing facility to be accessible to and usable by disabled individuals.[23] A public entity "is not required to make structural changes in existing facilities where other methods are effective in achieving compliance."[24] The ADA allows public entities to use a variety of methods to ensure facilities are accessible to disabled persons, including the "assignment of aids to beneficiaries" to facilitate access.[25]

### 1. *Canopied Walkway*

Plaintiffs allege that Littlefield could not use the canopied walkway and was forced to go through the rain to get to class.[26] Defendants pointed out that Littlefield was provided an attendant who carried a large umbrella to shield Littlefield on rainy days.[27] The provision of an aid is a permitted method of facilitating access. Plaintiffs have not shown that Littlefield was excluded or denied the use of Defendant's facilities.

### 2. *Inaccessible Bathrooms*

Plaintiffs assert that there are only two wheelchair accessible bathrooms on the NLRSD's West Campus.[28] Defendants do not dispute Plaintiffs' claim.

---

[23] 28 C.F.R. § 35.150(a)(1); see *Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850 (10th Cir. 2003).

[24] 28 C.F.R. § 35.150(b).

[25] *Id*.

[26] Doc. No. 11.

[27] Doc. No. 20.

[28] Doc. No. 11.

The Acts do not require each of the NLRSD's existing facilities to be accessible.[29] The movant bears the burden of showing that an injunction is appropriate.[30] The record contains few details about the NLRSD's West Campus. Apparently there are only two wheelchair accessible bathrooms on the campus, but the existence of two accessible restrooms in relation to the campus in general is unclear -- *i.e.*, are there buildings or floors with no wheelchair accessible restrooms? The current record does not support a conclusion that the existence of only two wheelchair accessible restrooms is so severe as to amount to an exclusion or denial of access.[31]

### 3. *Inaccessible Classroom Doors*

Littlefield alleges he was unable to get through the door to some of his classrooms, such as the door to zoology class.[32] There is a distinction between not being able to use some doors and being denied access to the services offered by the NLRSD's West campus. The record does not give any hint about how many classrooms have wheelchair inaccessible doors in relation to how many doors are accessible; Littlefield's affidavit mentions only one door in particular through which he could not pass. It is important when evaluating a facility to understand the extent to which the facility is inaccessible.

---

[29] 28 C.F.R. § 35.150(a)(1); see *Chaffin,* 348 F.3d 850.

[30] *Modern Computer Sys.*, 871 F.2d at 738.

[31] See *Ass'n for Disabled Americans v. City of Orlando*, 153 F. Supp. 2d 1310 (M.D. Fla. 2001), 42 U.S.C. § 12131; 28 C.F.R. § 35.150.

[32] Doc. No. 11. Plaintiff does not allege that he was unable to attend class, but there are no facts that describe how Plaintiff entered the wheelchair inaccessible doors -- if he did enter.

A facility with some wheelchair inaccessible doors does not necessarily violate the Acts. Littlefield graduated from the NLRSD in May, 2008;[33] Plaintiffs have not shown that Littlefield is unable to participate in or benefit from the NLRSD's facilities or activities as a whole. Thus, the evidence does not support a conclusion that some wheelchair inaccessible classroom doors rises to the level of a violation.

### 4. *Blocked Entrance Ramp*

Littlefield alleges that he was unable to attend a football game because of a blocked entrance ramp.[34] To establish a violation under the Acts, the movant must show that the exclusion or denial of benefits was by reason of his disability.[35]

The record is short on facts that show Littlefield's exclusion from football games.[36] Littlefield's affidavit reads: "I can't even go to a football game because the ramp is blocked." It is not clear from the record whether the ramp is the only wheelchair accessible entry to the facility. Absent a showing that the blocked ramp was the only wheelchair accessible entrance, the record does not support the conclusion that Plaintiff's claim establishes a violation of the Acts.

### 5. *Curb Cuts*

In their Complaint, Plaintiffs allege that Littlefield and other proposed class members are forced to jaywalk, or enter oncoming traffic, when faced with an inaccessible curb.[37] But there is little other information in the records about the curbs around the NLSD's West Campus.

---

[33] *Id.*

[34] *Id.*

[35] See *Layton*, 143 F.3d 472.

[36] Doc. No. 11.

[37] Doc. No. 1.

Because Plaintiffs' allegations, when considered in light of the evidence in the record, do not rise to the level of violations under the Acts, it appears unlikely that Plaintiffs would succeed on the merits. This factor does not favor imposing a preliminary injunction.

C. The Balance of Interests

Because Littlefield graduated in May, 2008, he would not benefit from an injunction.

Plaintiffs ask the Court to "order Defendants to continue and complete the self-evaluation process, and to create and fund a transition plan, as required by 28 CFR § 35.105, 28 CFR § 35.150, and 28 CFR § 35.151 . . . ."[38] Defendants state that the NLRSD has a transition plan in place, and has since the 1990s.[39] The transition plan is not in the record, and it is unclear if Defendants have violated that plan. It seems ineffective to order Defendants to create and fund a plan if there is one in existence. This factor weighs against granting a preliminary injunction.

D. The Public Interest

Improving facilities to meet the needs of the disabled is in the public's interest and weighs in favor of a preliminary injunction.

In their Motion, Plaintiffs rely on *Layton v. Elder*.[40] In *Layton*, there was no handicap access to the second floor of the Montgomery County, Arkansas, Courthouse, where the Quorum Court convened; there were no handicap accessible bathrooms in the courthouse; and the wheelchair ramps outside the courthouse were to steep for use.[41] Because of the inaccessible

---

[38]Doc. No. 12.

[39]Doc. No. 20.

[40]143 F.3d 469 (8th Cir. 1998).

[41]*Id*. at 471.

facilities, Layton was unable to attend the Quorum Court.[42] The district court found that: the plaintiffs were qualified individuals with a disability; Montgomery County, Arkanas, was a public entity as defined in 42 U.S.C. § 12131(1); and Layton had been excluded from a session of the Montgomery County Quorum Court because of his disability.[43]

Despite these findings, the district court did not issue a preliminary injunction and denied plaintiffs' request for declaratory relief.[44] The case was appealed to the Eighth Circuit. Because the district court found that Layton had been excluded by reason of his disability -- *i.e.*, Layton succeeded on the merits -- the Eighth Circuit considered the remaining three *Dataphase* factors.[45] The court held that the factors weighed in favor of an injunction, and that it was an abuse of discretion for the district court not issue the injunction.[46]

As written in Plaintiffs' Motion, "a preliminary injunction is an extraordinary remedy and should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party."[47] The facts in *Layton* showed that the Plaintiff was denied access to a Montgomery County facility/service -- the Quorum Court. The evidence in this case does not clearly show the extent to which Littlefield was denied access; the facts in the record do not justify issuing a preliminary injunction.

---

[42]*Id*.

[43]*Id*. at 472.

[44]*Id*.

[45]*Layton*, 143 F.3d at 472.

[46]*Id*.

[47]Doc. No. 12 (citing *Exhibitors Poster Exchange v. Nat'l Screen Service Corp.*, 441 F.2d 560, 561 (5th Cir. 1971)).

**III. CONCLUSION**

The *Dataphase* factors, when taken together, weigh against issuing a preliminary injunction. Accordingly, Plaintiffs' Motion is DENIED without prejudice.

Defendants' request for permission to plead further the issue of standing, because Littlefield graduated from the NLRSD in May, 2008, and because Littlefield has reached the age of majority, is granted.

IT IS SO ORDERED this 25th of August, 2008.

                                              /s/ Wm. R. Wilson, Jr.
                                              UNITED STATES DISTRICT JUDGE