IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT LITTLEFIELD and
DELORIS LITTLEFIELD, Individually
and as Parents of WILLIAM LITTLEFIELD         PLAINTIFFS

vs.                          4:08-CV-00201-WRW

KENNETH A. KIRSPEL, in His Official
Capacity as Superintendent of the NORTH
LITTLE ROCK SCHOOL DISTRICT; and
T. KENNETH JAMES, as the Commissioner
of the ARKANSAS DEPARTMENT OF
EDUCATION                                    DEFENDANTS

**ORDER**

Pending is Defendants' Motion for Summary Judgment (Doc. No. 24). Plaintiffs have responded.[1]

Plaintiffs bring this class action suit alleging that they are "being denied full and equal access" under Title II of the Americans with Disabilities Act ("ADA") of 1990.[2] In addition, Plaintiffs assert claims related to facilities, services, policies, and practices under the Rehabilitation Act ("RA") of 1973.[3]

Defendants contend that there are no genuine issues of material fact. For the reasons set out below, the class action claims are MOOT and, therefore, DISMISSED. However, Defendants' Motion for Summary Judgment is DENIED.

---

[1] Doc. No. 29.

[2] 42 U.S.C. § 12101 *et. seq.*; 28 C.F.R. pt. 35.

[3] 29 U.S.C. § 794; 45 C.F.R. pt. 84.

**I.     BACKGROUND**

The facts of this case are paraphrased below based on Defendants' Undisputed Statement of Material Facts:[4]

> This lawsuit was filed seeking relief for a student Plaintiff, William Littlefield, alleging that he was denied access to the facilities and programs of the North Little Rock School District ("NLRSD") due to his disability. William Littlefield was named as the representative of a putative class of similarly situated students.
>
> At the time of the filing of the lawsuit, William Littlefield was a student in the NLRSD.
>
> On May 20, 2008, William Littlefield graduated from North Little Rock High School, West Campus.
>
> As a graduate of the NLRSD, William Littlefield no longer attends school and is not eligible to return to any public school as a student in the State of Arkansas.[5]

**II.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[6] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[7]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the

---

[4]Plaintiffs filed a Response to Defendants' Undisputed Statement of Material Facts (Doc. No. 31) where Plaintiffs "admit all statements, but states that the North Little Rock School District still yet discriminates against citizens with disabilities."

[5]Ark. Code Ann. § 6-18-202(b)(1).

[6]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[7]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

judgment beyond controversy.[8] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[9] I must view the facts in the light most favorable to the party opposing the motion.[10] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[11]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[12]

## III. DISCUSSION

### A. Class Action Claims

Plaintiff William Littlefield cannot serve as representative of the purported class in this case. He no longer attends school in the NLRSD, so his claims as a member of the proposed class are now moot. A plaintiff's claim becomes moot at the time he no longer has a "legally cognizable interest" or "personal stake" in the outcome.[13] With regard to class action

---

[8]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[9]*Id.* at 728.

[10]*Id.* at 727-28.

[11]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[12]*Anderson*, 477 U.S. at 248.

[13]*U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980).

certification, the general rule is "that when claims of the named plaintiffs are moot before class certification, dismissal of the action is required."[14] Because Plaintiff William Littlefield graduated, he no longer has a personal stake in any class action suit brought on behalf of students, or parents of students, with disabilities in the NLRSD.[15] In addition, no petition for class certification has been filed by Plaintiffs. Accordingly, Plaintiffs' class action claims under the ADA and the RA are DENIED as MOOT.

### B. Individual Claims

Plaintiff William Littlefield may continue with the individual claims in his Complaint because he had standing at the time it was filed. Standing is determined at the time the action is brought,[16] and courts "generally look to when the Complaint was filed, not to subsequent events."[17] Defendants' motion focused on standing and mootness from a class action standpoint; however, Plaintiffs' Complaint is broad enough to include allegations of violations of the ADA and RA based not only on the school district's provision of educational services but also on equal access to facilities at the NLRSD's West Campus. In their motion, Defendants argued neither that Plaintiff, as a disabled citizen rather than a disabled student, lacks standing, or otherwise gave grounds for summary judgment with respect to Plaintiff's individual claims.

---

[14]*Hechenberger v. Western Elec. Co.*, 742 F.2d 453, 455 (8th Cir. 1984).

[15]The "relation back" doctrine provides that where the controversy involving the named plaintiffs becomes moot prior to class certification, the certification can relate back to the filing of the complaint. See *Sosna v. Iowa,* 419 U.S. 393, 402, n.11 (1975). Whether the doctrine should be applied depends upon whether "the issue would evade review." *Id.* In the present case, there is nothing to prevent a current student or parent in the NLRSD from bringing a class action to challenge the school's practices.

[16]*Friends of the Earth, Inc.*, 528 U.S. at 180.

[17]*Mink v. Suthers*, 482 F.3d 1244, 1253-54 (10th Cir. 2007) (citing *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1153 (10th Cir. 2005).

Accordingly, Defendants' Motion for Summary Judgment on behalf of Kenneth Kirspel and the North Little Rock School District is DENIED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiffs' class action claims are DISMISSED as MOOT, and Defendants' Motion for Summary Judgment (Doc. No. 24) is DENIED.

In Defendants' Brief in Support of Response for Preliminary Injunction,[18] Defendants raised the issue of whether the case can proceed in the name of the parents since William Littlefield is now of age. At first blush, it appears that, since the parents had standing at the outset, they still have standing.[19] I would like to be more fully advised in premises on this point. Plaintiffs' counsel should provide me with a letter brief of no more than two pages no later than 5:00 p.m. on Thursday, Sept. 25, 2008. Defendants may respond no later than 5:00 p.m. on Tuesday, September 30, 2008. Can or should the lawsuit continue in all three names, just William Littlefield, or in just the names of the parents?

IT IS SO ORDERED this 18th day of September, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[18] Doc. No. 20.

[19] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000).